928 F.2d 411
 37 Cont.Cas.Fed. (CCH) 76,032
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
H.V. ALLEN CO., INC., Appellant,
v.
THE UNITED STATES, Appellee.
 No. 90-1488.
 United States Court of Appeals, Federal Circuit.
 Feb. 14, 1991.
 
 ASBCA
 REVERSED.
 Before MAYER, Circuit Judge, SKELTON, Senior Circuit Judge, and CLEVENGER, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 The decision of the Armed Services Board of Contract Appeals (ASBCA) denying Allen's claim for $20,889.70 and a contract time extension of 12.6 days is reversed. See 90-2 B.C.A. (CCH) p 22,933 (1990).
 
 OPINION
 
 2
 In our view, paragraph 20.6.1 unambiguously requires another contractor, not Allen, to provide the bed of white gravel between the fences. The paragraph provides (emphasis added):
 
 
 3
 Exterior Bed Preparation: Preparation of the bed in the controlled area between the fences for the exterior sensing system will be by others. A white gravel shall be placed, graded, and compacted as shown on the drawings. The Contractor, as part of this project, shall replace and compact all soil disturbed by trenching and installation of equipment foundations to conditions prior to installation of the project equipment. Minor soil erosion problems and grade differences (less than four inch difference) shall be corrected by the Contractor with additional white gravel cover. If major erosion problems or differences in grade are found, the Contracting Officer shall be notified in writing prior to any work in the problem area. Corrections of major problems will be in accordance with the contract provisions for changes or will be accomplished by others.
 
 
 4
 Read in its entirety, the paragraph clearly limits Allen's responsibility for gravel to restoring the white gravel bed to the condition in which Allen originally finds it. If that entails more than a minor addition of white gravel cover, it either becomes someone else's responsibility or is a change in the contract.
 
 
 5
 The drawings and the remainder of the contract support this interpretation. See Julius Goldman's Egg City v. United States, 697 F.2d 1051, 1057 (Fed.Cir.1983) ("Contract interpretation has been consistently viewed as a harmonizing process in which the various parts of a disputed contract are to be construed as a whole to give meaning to all of its provisions."). Though both drawing I-10 and drawing I-18 generally show the existence and location of "gravel fill", neither indicates the size or type of gravel, the depth to which it is to be applied, or who is to supply it. The remainder of the contract is similarly silent. The agency first specified the type of gravel almost six months after Allen was awarded the contract. In response to Allen's complaint that the contract did not require it to furnish the gravel in its entirety, the authorized representative of the contracting officer replied, "The white gravel should be sized three-fourth inch to one inch. The material should be limestone or any other type that is white in color to provide reflectivity." We do not think the intervening agency silence and complete contractual silence surrounding the gravel size and type are consistent with an interpretation of paragraph 20.6.1 that obligates Allen to provide all of the bed gravel.